CLD-365                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1645
_____

DE SHAWN DRUMGO,
                                        Appellant

v.

MIKE LITTLE, (Paralegal); SGT. PATRICK IWASKIEWICZ;
SGT. MADELINE LYNCH; C/O ROY FOREAKER; LT. STEVENSON;
C/O TIMOTHY MOSS; LT. PECK; OFC. REGINALD BROWN;
MAJOR CARROTHERS; CPT. BRUCE BURTON;
DEPUTY WARDEN SCARBOROUGH; WARDEN PIERCE;
TIM MARTIN, (Paralegal);
KENISHA L. RINGGOLD, Attorney at the Department of Justice;
C/O SHANNON CORBETT; C/O KIRLIN

_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. No.: 1-14-cv-01136)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 28, 2017

(Opinion filed: October 12, 2017)

Before:  SHWARTZ, RENDELL, and FISHER, <u>Circuit Judges</u>

## OPINION[*]

PER CURIAM

De Shawn Drumgo, a Delaware prisoner proceeding pro se, appeals from an order of the District Court granting summary judgment in favor of the defendants. For the reasons that follow, we will summarily affirm the District Court's judgment.

## I.

In September 2014, Drumgo filed a civil rights complaint, alleging that prison officers and employees retaliated against him for filing civil lawsuits and used excessive force against him. Drumgo also alleged that a prison officer failed to intervene to stop one of the alleged incidents of excessive force.

The incidents that are the subject of the complaint took place in February, April, and August 2014. In February 2014, four defendants allegedly retaliated against Drumgo for filing suits and grievances by passing around his confidential legal material. In August 2014, defendants allegedly retaliated against Drumgo by placing him in a bug-infested shower and conducting a search of his cell. Drumgo also complained of two excessive force incidents. In April 2014, one of the defendants allegedly punched Drumgo in the back of the head and strangled Drumgo with the shirt he was wearing when he refused to walk to the infirmary. Another officer allegedly failed to intervene to

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

stop the alleged abuse. The second excessive force incident arose out of the August shower episode, as Drumgo refused to return to his cell. Ultimately, an officer sprayed Drumgo with pepper spray and another officer allegedly kneed Drumgo in the face. Drumgo also claimed that officers did not respond to his request to shower because of the burning from the spray.

The defendants filed a motion for summary judgment, which the District Court granted. Drumgo appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's order is plenary. See DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). We may summarily affirm a decision of the District Court where "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6.

## III.

To sustain a retaliation claim, an inmate must demonstrate that: (1) he engaged in constitutionally protected conduct; (2) he suffered adverse action; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse

3

response.  See Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

With regard to the February 2014 incident, the District Court determined both that protected activity was not a substantial or motivating factor with regard to taking Drumgo's property and that, to the extent the defendants passed around the material, they were merely taunting Drumgo rather than retaliating against him for filing lawsuits and grievances.  Drumgo has presented no substantial question regarding this incident, as he has not specifically referred to it in either his initial submission to this Court or in his response to the defendants' summary action motion.[1]  See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.  With regard to Drumgo's August 2014 allegations, the record conclusively demonstrates that the involved officers were not aware of Drumgo's litigation against another officer.  Thus, we agree with the District Court's determination that retaliation was not a substantial or motivating factor for the search of Drumgo's cell.

Next, we address Drumgo's excessive force claims, which are the focus of Drumgo's filings before this Court.  In those filings, Drumgo contends that the District Court improperly granted summary judgment for the defendants by resolving factual

---

[1] In response to the defendants' motion for summary action, Drumgo does state that he faces continued retaliation for filing civil suits and asserts that prison employees have been reading his legal work and refusing to make copies of exhibits for this Court.  He also alleges that his outgoing mail is being opened, and that some of the mail is being destroyed.  In addition, in his initial filing before this Court, Drumgo states that as of February 1, 2017, "I have been beaten and all my legal documents were destroyed." While these claims raise concerns, they were not presented to the District Court and are not the subject of this appeal.  See Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994) (noting general rule that this Court will not consider issues that are raised for the first time on appeal).

4

disputes that should have been left to a jury. He further argues that the defendants ignored his arguments in seeking summary action in this Court.

In assessing a prisoner's claim that excessive force was used in violation of the Eighth Amendment, we focus on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). We look to several factors in applying this test, including: (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force used"; (3) "the extent of injury inflicted"; (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them"; and (5) "any efforts made to temper the severity of a forceful response." Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

The first incident of alleged excessive force took place when Drumgo refused to walk to the infirmary because he had not been given his legal documents. Drumgo alleged that an officer strangled him by dragging him by his shirt and that the officer punched him in the back of the head. In the second incident, an officer used a burst of pepper spray and Drumgo claimed that he was also kneed in face.

In granting the defendants' motion for summary judgment, the District Court stated that "during both incidents, Drumgo was disruptive, disorderly, recalcitrant, and repeatedly refused to obey orders." The District Court also noted that Drumgo had not produced any evidence of a discernible injury in either instance. Ultimately, the District

5

Court concluded that the officers used force in good faith to maintain or restore discipline and that the force was commensurate with the circumstances. Doc. 55 at 18.

Upon review of the record as a whole, we agree with the District Court's resolution of these claims. While a plaintiff need not show more than a de minimus injury, we are persuaded by the District Court's analysis that, considering the evidence in the light most favorable to Drumgo, the officers did not use excessive force in either situation. This conclusion also leads us to agree with the District Court's determination that Drumgo's failure to intervene claim is without merit.

IV.

Accordingly, we will affirm the judgment of the District Court.